# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ANDREW MARLOW,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1523** (BOR Appeal No. 2047325)
                           (Claim No. 2003024926)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**ANDREW D. MARLOW AND**
**CHRISTOPHER E. MARTIN,**
**Employers Below, Respondent**

## MEMORANDUM DECISION

Petitioner Andrew Marlow, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 30, 2012, in which the Board affirmed a May 23, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's December 9, 2011, decision denying the requested medications. It authorized the medications Trazodone and Baclofen but denied the medications Wellbutrin, Strattera, Lyrica, Clonazepam, Tylox, Amantadine, and Aciphex. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Marlow worked as a carpet installer for Andrew D. Marlow and Christopher E. Martin. On October 18, 2002, Mr. Marlow was injured when his motor vehicle was rear ended while he was driving from one job site to another. The claim was held compensable for post-concussion syndrome, sprain/strain of lumbosacral, traumatic headaches, and intracranial injury. Gregory J. O'Shanick, M.D., his treating physician, requested the additional diagnoses be added as compensable components and the medications be authorized. ChuanFang Jin, M.D., recommended denying Lyrica in such high doses, Amantadine, Baclofen, Strattera and Clonazepam. Dr. Jin, however, recommended authorizing Wellbutrin, and Trazodone or Aciphex. The claims administrator initially denied these medications on September 7, 2011, in *Andrew Marlow v. West Virginia Office of Insurance Commissioner and Andrew D. Marlow and Christopher E. Martin*, 12-1092 (April 2, 2014) (memorandum decision). Mr. Marlow requested these medications again in a separate claim, and the claims administrator again denied these medications on December 9, 2011.

The Office of Judges modified the claims administrator's decision and authorized the medications Trazodone and Baclofen but denied the medications Wellbutrin, Strattera, Lyrica, Clonazepam, Tylox, Amantadine, and Aciphex. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Marlow disagrees and asserts that the medications have been previously authorized as medically reasonable and necessary for the compensable injury and that the preponderance of the medical evidence supports all of the treatment as requested by Dr. O'Shanick. The West Virginia Office of Insurance Commissioner maintains that Mr. Marlow failed to prove by the preponderance of the evidence that the continued authorization of several medications is medically necessary and causally related to his compensable injury.

The Office of Judges noted that its February 23, 2012, Order addressed these same medications and authorized Trazodone and Baclofen but denied the remaining medications. This is exactly the same outcome it made in its May 23, 2012, decision of this claim. The Office of Judges found that the record in *Andrew Marlow v. West Virginia Office of Insurance Commissioner and Andrew D. Marlow and Christopher E. Martin*, 12-1092 is extremely similar to the record presented in this claim. It authorized Baclofen for the traumatic headaches and Trazodone for the insomnia, which are compensable components. It denied the remaining medications and found that the medications were not supported by the record as being related to the compensable components. It found the remaining medications were prescribed for one of Mr. Marlow's following conditions: attention deficit disorder, hyper-vigilance, emotional symptoms, increase initiation, and gastroesophageal reflux. None of these conditions have been found compensable, and therefore, these medications should not be authorized.

This Court previously agreed with the findings and conclusions of the Office of Judges and the Board of Review in its Order on April 2, 2014, in *Andrew Marlow v. West Virginia Office of Insurance Commissioner and Andrew D. Marlow and Christopher E. Martin*, 12-1092 in regards to these same medications. This Court continues to agree with the same conclusions made by the Office of Judges and the Board of Review in the current claim on the same medications. The medical evidence does not support that the remaining seven medications are related to the compensable injury but instead proves the medications are for non-compensable conditions. Therefore, authorization for the requested medications is denied.

2

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   September 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II